**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| KAY VANHAUEN, individually and on behalf of all others similarly situated, | § § § | |
| | § | CASE NO. _____ |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | **CLASS ACTION** |
| | § | |
| AMERICAN HOME MORTGAGE SERVICING, INC., | § § | |
| | § | |
| Defendant. | § | **JURY TRIAL REQUESTED** |

**ORIGINAL CLASS ACTION COMPLAINT**

Plaintiff Kay VanHauen, individually and on behalf of all others similarly situated, alleges as follows:

**NATURE OF CASE**

1.      Plaintiff Kay VanHauen is a homeowner whose home-secured mortgage loan is serviced by Defendant.   On behalf of herself and a proposed class of similarly situated homeowners residing throughout the United States ("the Class"), she seeks damages and other relief based on Defendant's violations of federal and state law in connection with its improper servicing of mortgage loans.

**JURISDICTION AND VENUE**

2.      Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1332(d), and 1367.

3.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

4.      Plaintiff Kay VanHauen ("Ms. VanHauen" or "Plaintiff") is an individual who

resides in Sanger, Texas.

5.      Defendant American Home Mortgage Servicing, Inc. ("AHMSI" or "Defendant") is a Delaware corporation with its principal offices in Dallas County, Texas.  AHMSI does business throughout the United States.

## FACTUAL ALLEGATIONS

6.      AHMSI services residential mortgage loans. As described on its website, AHMSI claims that it provides "a higher level of mortgage services" and "a higher level of customer satisfaction" through the use of "highly trained experts."  Contrary to its representations, when AHMSI services loans, it routinely breaches the loan agreements by, among other things, misapplying and failing to apply payments, and charging improper fees and insurance premiums.

7.      Ms. VanHauen is a typical homeowner who has been victimized by AHMSI's improper practices.  AHMSI began servicing Ms. VanHauen's two residential mortgage loans – one for 80% and one for 20% of the home's purchase price – in mid-2008.  In September of 2008, AHMSI misapplied mortgage payments Ms. VanHauen tendered to it, and assessed fees as a result of its misapplication of payments, purportedly increasing the amount Ms. VanHauen owed on the loan.  Specifically, Ms. VanHauen tendered $1600 to AHMSI, in full payment of all amounts then due on both the 80% loan and the 20% loan.  To ensure that AHMSI would credit each payment properly, Ms. VanHauen made her payment in the form of two separate checks with the loan number indicated on each check.  AHMSI, however, applied all of the payments to the 20% loan, added fees and interest to the 80% loan, and demanded payment of several thousand dollars from Ms. VanHauen, notwithstanding that Ms. VanHauen had tendered all amounts due to AHMSI and did not owe AHMSI this amount pursuant to the terms of the loans.

8.      Upon being notified of its misapplication and improper overcharges, AHMSI

refused to re-apply the payments correctly.  Instead, AHMSI treated Ms. VanHauen's loan as being in default, and initiated foreclosure proceedings.

9.     Subsequently, throughout 2009, AHMSI repeatedly refused to accept payments Ms. VanHauen tendered to it, and, thus, failed to properly credit such payments.  Instead, AHMSI continued to increase the amounts purportedly due. On multiple occasions, Ms. VanHauen specifically requested, either orally or in writing, that AHMSI furnish her a detailed account or statement as to all amounts due and an explanation of all fees purportedly owed; AHMSI, however, failed and refused, and continues to fail and refuse, to provide her such an accounting.

10.     In addition to misapplying Ms. VanHauen's monthly payments, AHMSI improperly established an escrow account and charged Ms. VanHauen for insurance that she did not need.  At the time AHMSI began servicing her mortgage loans, Ms. VanHauen had a homeowners' insurance policy in effect:  Ms. VanHauen paid $650 annually for a policy insuring her home for $114,000 and its contents for $50,000.  Notwithstanding the fact that Ms. VanHauen had already separately paid for this policy, AHMSI set up an escrow account and force-placed an unnecessary homeowners' insurance policy for $114,000 in coverage on the home and $0 for its contents, charging Ms. VanHauen $1,650 in premiums for the unnecessary and inferior coverage.

11.     Similarly, notwithstanding that Ms. VanHauen separately paid her property taxes directly to the county tax assessor, remitting at least $400 in 2009, AHMSI established an escrow account, charged Ms. VanHauen for payment of the same taxes, and assessed additional fees.

12.     By August of 2010, AHMSI was demanding $30,000 from Ms. VanHauen, ostensibly for delinquent back payments and various fees, notwithstanding its previous

misapplications of funds, its repeated refusal to accept payments Ms. VanHauen tendered to it, and its ongoing failure to furnish a comprehensive explanation of all amounts and fees it continues to demand and collect from her.

13.     Ms. VanHauen's experience with AHMSI is far from unique.  According to its website, "AHMSI is one of the country's largest servicers of Alt-A and subprime loans."[1]

14.     The attorneys general of the states of Ohio and Texas have initiated enforcement actions against AHMSI, based on its unfair and deceptive acts and practices against borrowers in connection with its mortgage servicing activities, including, *inter alia*, failing to properly credit borrowers' payments, using false claims that borrowers did not make payments in order to justify the imposition of late fees and the establishment of escrow accounts, and force-placing insurance unnecessarily.

15.     The Dallas and Northeast Texas Better Business Bureau has given AHMSI an "F" rating (on a scale of A+ to F), citing 682 complaints that have been filed about AHMSI as well as government enforcement actions, despite its being in business for only two and a half years.[2]

16.     AHMSI's improper and illegal servicing of Ms. VanHauen's loans is typical of its treatment of borrowers.  AHMSI routinely and systematically assesses unwarranted fees against consumers, resulting in premature default that often gives rise to unfair and improper foreclosure proceedings.  As alleged herein, AHMSI's illegal, unfair, and deceptive business practices victimize borrowers across the United States, and violate both federal and state law.

17.     As exemplified by its treatment of Ms. VanHauen, AHMSI routinely seeks to collect, and does collect, various improper fees, costs and charges (hereinafter collectively

---

[1] Available at https://www.ahmsi3.com/servicing/ahmsi_aboutus.asp (last viewed on October 24, 2010).
[2] Available at http://www.bbb.org/dallas/business-reviews/mortgage-processing/american-home-mortgage-servicing-in-coppell-tx-90019109 (last viewed on October 24, 2010).

"improper charges"), including unnecessary hazard insurance premiums, escrow account overcharges, and other fees that are either not legally due under the mortgage contract or applicable law, or that are in excess of amounts legally due.

18.     AHMSI also routinely mishandles borrowers' mortgage payments and fails to timely or properly credit payments received, resulting in late charges, delinquencies or default. AHMSI similarly mishandles borrowers' escrow accounts, including by improperly establishing unnecessary escrow accounts for property taxes that homeowners have previously paid directly to the taxing authorities.

19.     It is also AHMSI's routine practice to force-place hazard insurance covering properties securing loans serviced by AHMSI, including in instances where a borrower like Ms. VanHauen has an existing policy of hazard insurance in force, and then to charge the borrower unnecessary and excessive insurance premiums.  The improper insurance charges often result in forcing the consumers into default under the terms of their mortgages, resulting in further improper and unauthorized fees and charges to their escrow accounts, which are controlled by AHMSI.

20.     AHMSI routinely treats borrowers as in default on their loans even though the borrowers have tendered timely and sufficient payments or have otherwise complied with mortgage requirements or applicable law.

21.     The effect of AHMSI's practices is to render homeowners ostensibly in default under the terms of their loans.  This results in AHMSI initiating and conducting foreclosure of the homes.

22.     Thus, throughout the time period relevant hereto, AHMSI has engaged in a systematic course of conduct designed to increase its corporate profits to the detriment of

borowers, as described above. The components of this scheme involve common tactics, including, but not limited to:

(a) failing to credit payments received in a timely fashion, thus generating late fees and profitable default-related charges;

(b) failing to provide consumers with timely or clear information about the timing and amount of payments owed;

(c) failing to accept and credit payments, or misapplying payments received;

(d) mishandling escrow accounts, including improperly establishing escrow accounts;

(e) improperly force-placing insurance where the borrower already has insurance in place; and

(f) imposing and collecting fees that have been improperly assessed, and for which proper notice has not been given.

## CLASS ACTION ALLEGATIONS

23.     Ms. VanHauen brings this action on behalf of herself and a Class of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23.

24.     The Class consists of:

All persons in the United States who, between October 26, 2006 and the date the Class is certified, have had residential mortgage loans serviced by AHMSI and: 1) who incurred or were assessed any of the improper charges that are the subject of this complaint; 2) who had insurance force-placed on their homes; or 3) whose loans were treated as being in default by AHMSI despite their having tendered all amounts due under the applicable notes and mortgages.   Excluded from the Class are AHMSI;

any parent, subsidiary, or affiliate of AHMSI or any employees, officers, or directors of AHMSI; legal representatives, successors, or assigns of AHMSI; and any justice, judge or magistrate judge of the United States who may hear the case, and all persons related to any such judicial officer, as defined in 28 U.S.C. § 455(b).

25.    There are questions of law and fact that are common to all members of the Class, which questions predominate over any question affecting only individual Class members. Among the common questions are:

a.    whether AHMSI has sought and collected fees and charges not authorized by the loan contract or not legally due and owing;

b.    whether AHMSI failed to properly and/or timely credit customers' payments to their accounts;

c.    whether AHMSI improperly administered its customers' escrow accounts;

d.    whether AHMSI charged borrowers for unnecessary force placed insurance;

e.    whether AHMSI prematurely referred accounts to collections and foreclosure;

f.    whether AHMSI improperly returned or refused to accept payments in order to generate defaults which ostensibly allowed it to impose fees;

g.    whether AHMSI violated the various federal and state laws as set forth in this Complaint;

h.    whether Plaintiff and the Class members have a right to recover damages by virtue of AHMSI's violations of law; and

i.    the nature and extent of any other remedies to which proposed Class members are entitled as a result of AHMSI's wrongful conduct.

26.     The only individual questions concern the amount of relief each Class member is entitled to receive.   For notice purposes, Class members can be identified using AHMSI's computerized databases of customer records.

27.     Plaintiff's claims are typical of the claims of all of the other Class members, because her claims are based on the same legal and remedial theories as the claims of the Class and arise from the same course of conduct by AHMSI.

28.     Plaintiff will fairly and adequately protect the interest of all Class members in the prosecution of this action and in the administration of all matters relating to the claims stated herein.   Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the Class she seeks to represent.   Plaintiff has retained counsel experienced in handling class action lawsuits involving consumer law and loan servicing claims.   Neither Plaintiff nor her counsel has any interest which is antagonistic to other class members or which might cause them not to vigorously pursue this action.

29.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

   a.     the losses suffered by the Class members are such that prosecution of individual actions is impractical or economically unfeasible;

   b.     by contrast, the profits obtained by AHMSI as a result of its unlawful practices are substantial;

   c.     in the absence of the class action device, Plaintiff and the Class would be left without a remedy for the wrongful acts alleged, and AHMSI will be unjustly enriched;

- 8 -

d.  the prosecution of separate lawsuits by individual members of the Class would create the risk of inconsistent adjudications with respect to individual Class members, which would establish incompatible standards of conduct for AHMSI, making concentration of the litigation concerning this matter in this Court desirable;

e.  the claims of the representative Plaintiff are typical of the claims of the Class; and

f.  no unusual difficulties are likely to be encountered in the management of this action as a class action.

30.  The Class is so numerous as to make it impracticable to join all members as Plaintiffs.  Based upon the investigation of counsel, the number of members of the Class is estimated to be in excess of 100,000 persons.

**FIRST CAUSE OF ACTION**

**(Violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.*)**

31.  Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

32.  As a servicer of home mortgage loans, AHMSI is governed by the mandates of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*

33.  AHMSI violated RESPA by failing to meet the requirements of 12 U.S.C. § 2605 regarding responding to qualified written requests.

34.  AHMSI violated RESPA by failing to meet the requirements of 12 U.S.C. § 2609 regarding escrow account statements and collection of escrow.

35.  Plaintiff and the members of the Class were injured as a result of AHMSI's violations of RESPA, and are entitled to relief under RESPA, including damages and a declaratory judgment that AHMSI's conduct violates RESPA.

## SECOND CAUSE OF ACTION

**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*.)**

36.     Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

37.     AHMSI is a debt collector within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*

38.     AHMSI violated the FDCPA, 15 U.S.C. §§ 1692e & 1692f, by the following acts (including and not by way of limitation):  attempting to collect amounts not permitted by law, including fees that were not authorized by the note and mortgage; giving a false impression of the character, amount, or legal status of the alleged debt; and by using false or deceptive collection methods.

39.     Plaintiff and the members of the Class were injured as a result of AHMSI's violations of the FDCPA, and are entitled to relief under the FDCPA, including damages and a declaratory judgment that AHMSI's conduct violates the FDCPA.

## THIRD CAUSE OF ACTION

**(Violations of the Texas Debt Collection Act, TEX. FIN. CODE ANN. §§ 392.001, *et seq*.)**

40.     Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

41.     AHMSI is a debt collector within the meaning of the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE ANN. §§ 392.001, *et seq.*

42.     AHMSI violated the TDCA, TEX. FIN. CODE ANN. §§ 392.303(2), 392.304(8), & 392.304(19) by the following acts (including and not by way of limitation):  collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation when the interest or incidental charge, fee, or expense is not expressly authorized by the agreement creating the obligation or legally chargeable to the consumer; misrepresenting the character,

extent, or amount of a consumer debt; and using other false representations or deceptive means to collect a debt.

43.     Plaintiff and the members of the Class were injured as a result of AHMSI's violations of the TDCA, and are entitled to relief under the TDCA, including damages and a declaratory judgment that AHMSI's conduct violates the TDCA.

## FOURTH CAUSE OF ACTION

### (Breach of Contract)

44.     Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

45.     AHMSI services loans evidenced by standard form notes and mortgages, the relevant provisions of which are uniform.

46.     AHMSI has imposed or collected amounts that are not due and owing by contract, including, without limitation, interest, penalties, and default-related fees, costs and charges.

47.     AHMSI misapplied or failed to apply payments, or imposed late fees and other charges not due, all in breach of its contracts with Plaintiff and members of the Class.

48.     As a result of AHMSI's wrongful conduct, Plaintiff and the members of the Class have suffered and continue to suffer damages in an amount to be determined according to proof at time of trial.

## FIFTH CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

49.     Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

50.     The subject contracts between Plaintiff and members of the Class on one hand, and AHMSI on the other, included a duty of good faith and fair dealing.  Pursuant to an implied covenant in the subject contracts, AHMSI had a duty not to do anything which would deprive

Plaintiff and members of the Class of the benefits of those contracts, and had a duty to do everything that the contracts presupposed each of the parties would do to accomplish the purpose or purposes of the subject contracts.

51.     AHMSI acted in breach of the implied covenant of good faith and fair dealing and its duties thereunder.

52.     As a result of AHMSI's wrongful conduct, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages, all in an amount to be determined according to proof at time of trial, including attorneys' fees and reasonable costs.

53.     AHMSI acted with oppression, fraud and malice in engaging in the business practices described above, such that Plaintiff and members of the Class are entitled to punitive damages in an amount to be established at trial.

## SIXTH CAUSE OF ACTION

### (Unjust Enrichment)

54.     Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

55.     By its wrongful acts and omissions, AHMSI has been unjustly enriched at the expense of Plaintiff and the Class, and, thus, Plaintiff and the Class have been unjustly deprived.

56.     By reason of the foregoing, Plaintiff and the members of the Class seek restitution from AHMSI, and an order of this Court disgorging all profits, benefits, and other compensation obtained by AHMSI from its wrongful conduct.

## SEVENTH CAUSE OF ACTION

### (Declaratory and Injunctive Relief)

57.     Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

58.     On each cause of action stated above, Plaintiff and the Class will be irreparably injured in the future by AHMSI's misconduct.

59.     On behalf of herself and all Class members, Plaintiff seeks a judgment declaring that AHMSI must cease the activities described herein, and provide for adequate procedures and policies for the immediate and complete refund of the improper charges and insurance premiums unlawfully assessed, as well as the proper allocation of misapplied payments.

60.     Plaintiff and the Class members do not have a plain, adequate, speedy, or complete remedy at law to address the wrongs alleged in this Complaint, and will suffer irreparable injury as a result of AHMSI's misconduct unless injunctive and declaratory relief is granted.

61.     By reason of the foregoing, Plaintiffs and the Class members are entitled to declaratory and injunctive relief as set forth herein.

## DEMAND FOR JURY TRIAL

62.     Plaintiff demands a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Kay VanHauen, on behalf of herself and the Class, requests the following relief:

1.     An order certifying that this action is properly brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff be appointed as Class Representative, and that Plaintiff's counsel be appointed Class Counsel;

2.     Actual, statutory, exemplary and/or punitive damages according to proof;

3.     Restitution and disgorgement according to proof;

4.     Declaratory and injunctive relief against AHMSI to prevent future wrongful

conduct;

      5.      Prejudgment interest at the maximum legal rate;

      6.      Costs of the proceedings herein;

      7.      Reasonable attorneys' fees; and

      8.      Such other relief at law or equity as this court may deem just and proper.

DATED this 25th of October, 2010.

/s/ Martin Woodward
_____

STANLEY · IOLA, LLP
Marc R. Stanley
Texas Bar No. 19046500
mstanley@stanleyiola.com
Martin Woodward
Texas Bar No. 00797693
mwoodward@stanleyiola.com
3100 Monticello Avenue, Suite 750
Dallas, Texas 75205
214.443.4300 (telephone)
214.443.0358 (facsimile)

GRESHAM PC
Dean Gresham
Texas Bar No. 24027214
dgresham@greshampc.com
Jennifer W. Johnson
Texas Bar No. 24060029
jjohnson@greshampc.com
2311 Cedar Springs Road, Suite 200
Dallas, Texas 75201
214.420.9995 (telephone)
214.526.5525 (facsimile)

RODDY KLEIN & RYAN
Gary Klein
klein@roddykleinryan.com
Shennan Kavanagh
kavanagh@roddykleinryan.com
727 Atlantic Avenue, 2d Floor
Boston, Massachusetts 02111
617.357.5500 (telephone)
617.357.5030 (facsimile)

*Counsel for Plaintiff*